IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENIKKA LEMONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-23-600-SLP |
| PORTFOLIO RECOVER ASSOCIATES, LLC, | ) ) ) ) |
| Defendant. | ) ) |

**O R D E R**

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) [Doc. No. 14]. Defendant has filed its Response [Doc. No. 16]. Plaintiff has not filed a reply and the time for doing so has expired. *See* LCvR 7.1(i).

Plaintiff moves to strike all four affirmative defenses raised by Defendant in its Answer. *See* Answer [Doc. No. 11], Affirmative Defenses, ¶¶ 1-4. Plaintiff contends these affirmative defenses are "insufficient, frivolous, vague, conclusory and without factual basis under Rule 12(f) of the Federal Rules of Civil Procedure." Pl.'s Mot. at 5.

In response, Defendant has agreed to withdraw affirmative defenses numbered 1 and 4 but contends that defenses numbered 2 and 3 are "sufficiently pled." Def.'s Resp. at 6. Based on Defendant's representation, the Court deems Plaintiff's Motion confessed as to affirmative defenses 1 and 4 and those affirmative defenses are STRICKEN.[1]

---

[1] Affirmative defenses numbered 1 and 4 read as follows:

1. There was no dispute of the obligation at issue.

The Court has reviewed affirmative defenses numbered 2 and 3.[2] Upon review, the Court finds these affirmative defenses adequately apprise Plaintiff of the nature and substance of the defenses raised and that the defenses are not insufficient, frivolous, vague or conclusory.[3] Accordingly, the Court DENIES Plaintiff's Motion as to affirmative defenses numbered 2 and 3.

IT IS SO ORDERED this 15th day of December, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

4. PRA reserves the right to add affirmative defenses as discovery and litigation of this case progress.

See Answer, Affirmative Defenses, at 3-4, ¶¶ 1, 4.

[2] Affirmative defenses numbered 2 and 3 read as follows:

2. PRA acted in good faith with reasonable grounds to believe that its action were not in violation of law, including the FDCPA, and to the extent that it is applicable, which PRA disputes, the actions were unintentional and/or were the result of a bona fide error.

3. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate her damages, the existence of which damages PRA specifically denies.

See Answer, Affirmative Defenses, at 3-4, ¶¶ 2-3.

[3] Plaintiff argues that Rule 9(b) of the Federal Rules of Civil Procedure applies to Defendant's affirmative defense number 2 alleging "bona fide error" under 15 U.S.C. § 1692(k). This argument was rejected in *Sexton v. Evergreen Vill. Cmty. MHC, LLC*, No. 2:19-CV-00675-CW-JCB, 2020 WL 7038501 (D. Utah July 20, 2020), where the court declined to extend heightened pleading standards to the bona fide defense provision of § 1692k. *See also Mitito Twitty v. United Collection Bureau, Inc.*, No. CV-0:23-4559-SAL-SVH, 2023 WL 8242430 at *3 (D.S.C. Nov. 28, 2023) (finding no case law from the district or the Fourth Circuit supporting the application of Rule 9(b)'s fraud standard to a "bona fide error" affirmative defense grounded in § 1692k and collecting cases from other jurisdictions reaching the same result). The Court finds the reasoning set forth in *Sexton* persuasive and, therefore, rejects Plaintiff's Rule 9(b) argument. Plaintiff has fair notice of the defense and discovery will provide the necessary details to Plaintiff.