IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENIKKA LEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-600-SLP |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment for Lack of Standing, and Supporting Memorandum [Doc. No. 23]. Plaintiff has filed a Response [Doc. No. 26] and Defendant has filed a Reply [Doc. No. 29]. Also before the Court is Plaintiff's Motion for Leave to File a Sur-Reply [Doc. No. 34] to which Defendant has filed a Response in Opposition [Doc. No. 38]. For the reasons that follow, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED.

**I.   Introduction**

Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA). She alleges a violation of 15 U.S.C. § 1692e(8) which prohibits a debt collector from "fail[ing] to communicate that a disputed debt is disputed." Specifically, Plaintiff alleges that Defendant Portfolio Recovery Associates LLC (Defendant) failed to disclose to consumer reporting agencies that she disputed $474 on her Capital One Bank USA credit card account (the Capital One Account).

## II.     Factual Record

The undisputed factual record establishes that on March 2, 2023, Plaintiff reviewed her credit report on "credit karma" and observed a "trade line" from Defendant of Plaintiff's Capital One Account with a balance of $472.00.[1] On that same date, Plaintiff made a telephone call to Defendant regarding the Capital One Account. Defendant has provided a recording of that telephone call. *See* Doc. No. 24.[2]

During that call, Plaintiff told Defendant's agent that she had some questions regarding the information on her credit report as to the Capital One Account. Plaintiff asked: "How did it get to 472 when the limit was only 300?" The agent responded: "I'm seeing interest charges on it – that's probably why it accumulated." Plaintiff then concluded the call by saying: "Okay. Thanks for your time. Have a nice day."[3]

---

[1] In her Complaint, Plaintiff states that the "trade line of $472" was "allegedly owned [sic] to Capital One Bank USA." Compl., ¶ 9. In its Motion, Defendant submits, as an undisputed material fact, that "[t]he debt arose out of a defaulted credit card account from Capital One, with the last four digits of 4076" and provides the Declaration of Meryl Dreano in support thereof. *See* Def.'s Mot. at 8, Statement of Undisputed Material Fact, ¶ 3. In her Response, Plaintiff states that she is "unable to admit or deny" this statement as "Defendant has yet to verify the debt is accurate as to Plaintiff or in amount." Pl.'s Resp. at 2, ¶ 3. But as discussed infra, at this stage in the proceedings, Plaintiff must set forth evidence of specific facts which support standing. Because Plaintiff has failed to do so, the Court finds this fact is undisputed.

[2] Plaintiff does not dispute the accuracy of the recording.

[3] Plaintiff includes her Declaration in response to Defendant's Motion. *See* Decl. [Doc. No. 26-1]. In her Declaration Plaintiff states that because she didn't agree with the amount owed, she "disputed the debt" by asking the agent the question set forth. *See id.*, ¶ 4. Plaintiff's self-serving *characterization* of her question as a "dispute" is insufficient to create a factual issue. Rather, the recording of the conversation, viewed in the light most favorable to Plaintiff, controls and the Court "accept[s] the version of the facts portrayed in the recording." *Emmett v. Armstrong*, 973 F.3d 1127, 1131 (10th Cir. 2020).

2

On July 11, 2023, Plaintiff re-checked her credit reports. Those reports did not show the Capital One Account as disputed. On that same day, she filed this lawsuit.

Plaintiff contends that Defendant's failure to report the Capital One Account as disputed violates the FDCPA. Plaintiff claims she has suffered intangible harm, which she contends is analogous to defamation. She alleges that the "publishing of such inaccurate and incomplete information has severely damaged [her] personal and credit reputation" and "caused severe humiliation, and emotional distress and mental anguish." Compl., ¶ 11.

Defendant moves for dismissal or summary judgment on the following grounds: (1) Plaintiff lacks Article III standing; (2) Plaintiff cannot establish the elements of her FDCPA claim; and/or (3) the bona fide error defense is available. For the reasons that follow, the Court finds Plaintiff did not dispute her Capital One Account. Consequently she lacks Article III standing. Based on this finding, the Court deems it unnecessary to address the additional grounds raised by Defendant for dismissal or summary judgment.

### III.   Applicable Law and Analysis

#### A.   Summary Judgment Governing Standard

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Dullmaier v. Xanterra Parks & Resorts*, 883 F.3d 1278, 1283 (10th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). In deciding whether summary judgment is proper, the court does not weigh the evidence, but rather determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986); *see also Roberts v. Jackson Hole Mountain Resort Corp.*, 884 F.3d 967, 972 (10th Cir. 2018). If there is sufficient

evidence on each side so that a rational trier of fact could resolve the issue either way, the issue is "genuine." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "Material" issues of fact include those that, under the substantive law, are essential to the proper disposition of the claim. *Id.* The Court construes the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor. *Est. of Beauford v. Mesa Cnty., Colo.*, 35 F.4th 1248, 1261 (10th Cir. 2022) (citing *Anderson*, 477 U.S. at 248).

      **B.**      **Article III Standing**

"Article III of the U.S. Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Defs. of Wildlife v. Everson*, 984 F.3d 918, 944–45 (10th Cir. 2020) (quoting U.S. Const. art. III, § 2, cl. 1). "As such, a challenge to standing presents the threshold jurisdictional question of whether a court may consider the merits of a dispute." *Shields L. Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1279 (10th Cir. 2024) (internal quotation marks and citation omitted).

"To have standing, a plaintiff must show that she (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *See Lupia v. Medicredit*, Inc., 8 F.4th 1184, 1190 (10th Cir. 2021) ((internal quotation marks and citation omitted)). Plaintiff bears the burden of establishing all three elements of standing. *Murthy v. Missouri*, -- U.S. --, 144 S.Ct. 1972, 1978 (2024). She must support each element in the same way as any other matter on which the plaintiff bears the burden of proof, that is "with the manner and degree of evidence required at the successive stages of the litigation." *Id*. (internal quotation

marks and citation omitted). Here, the case has reached the summary judgment stage. Accordingly, Plaintiff can no longer rest on mere allegations, but must set forth evidence of specific facts which support standing. *Anderson*, 477 U.S. at 248; *see also Common Cause of Colo. v. Buescher*, 750 F. Supp.2d 1259, 1269 (D. Colo. 2010).

Defendant argues Plaintiff cannot establish the requisite injury in fact to support standing. Injury in fact requires that a plaintiff has suffered "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Lupia*, 8 F.4th at 1190 (internal quotation marks and citation omitted). The focus of the analysis is on the "concrete" requirement – the injury must be "real" rather than "abstract." *Id.* (citation omitted). A concrete injury, nonetheless, may be tangible or intangible. *Id.* at 1191.

Here, Defendant contends Plaintiff has alleged no tangible harm and instead, her claim of injury is premised on intangible harm.[4] In response, Plaintiff addresses only intangible harm and, therefore, appears to concede that she relies only on intangible harm to establish the requisite injury. *See* Pl.'s Resp. at 5 ("With respect to intangible harm, Plaintiff has **absolutely** shown evidence of intangible harm.") (emphasis in original).

The parties agree, as relevant here, that to determine "whether an intangible harm is sufficiently concrete to constitute an injury in fact" the Court must consider "whether plaintiff[] ha[s] identified a close historical or common-law analogue for [her] asserted injury." *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190 (10th Cir. 2021). As previously

---

[4] Traditional, tangible harms include physical and monetary harms which "readily qualify as concrete injuries." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021).

stated, Plaintiff argues that she has suffered reputational harm and points to the common-law analogue of defamation. *See* Resp. at 6; *see also* Compl., ¶ 10-11. According to Plaintiff, "Defendant disseminated false and/or misleading information when they [sic] continued to report the debt *undisputed* after the March 2, 2023 telephone call on which Plaintiff disputed the alleged debt." *See* Resp. at 7 (emphasis added).

Central to Plaintiff's standing argument is whether the Capital One Account was, in fact, disputed by her. Thus, the jurisdictional question of standing is intertwined with the merits of Plaintiff's FDCPA claim. *See Paper, Allied-Indus., Chem. And Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) ("The underlying issue in determining whether the jurisdictional question is intertwined with the merits is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.") (internal brackets and citation omitted). Accordingly, the Court proceeds to address the merits of the FDCPA claim.

### C.     Plaintiff's FDCPA Claim Fails as a Matter of Law

Congress passed the FDCPA "to eliminate abusive debt collection practices by debt collectors." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002). The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prevail, a plaintiff must show that the defendant furnished information to credit reporting agencies which it knew or should have known to be false. *Dixon v. RJM Acquisitions, LLC*, 640 F. App'x 793, 794 (10th Cir. 2016).

The FDCPA enumerates a non-exhaustive list of prohibited debt collector conduct that gives rise to liability.  As discussed, Plaintiff singularly bases her claim on 15 U.S.C. § 1692e(8) and contends Defendant violated the FDCPA by "fail[ing] to communicate that a disputed debt [was] disputed." *Id*.

Construing the evidence in the light most favorable to Plaintiff, the Court finds Plaintiff's claim fails on the undisputed factual record.  Upon review of the telephone call, it is clear that Plaintiff did not dispute the Capital One Account and no reasonable factfinder could conclude otherwise.  Plaintiff made an inquiry as to the balance on her Capital One Account.  When the agent responded that the balance exceeded her credit limit due to accumulated interest, Plaintiff did not challenge that response in any way, but instead concluded the call saying "thanks for your time" and "have a nice day."  Without any evidence of a dispute, Plaintiff's claim fails as a matter of law. *Compare Johnson v. I.C. System, Inc*., No. CIV-23-617-J, 2024 WL 2871331 at * 1 (W.D. Okla. May 7, 2024) (finding no factual dispute and concluding plaintiff failed to submit any evidence that he disputed the account for purposes of § 1692e(8) where plaintiff asked defendant's agent: "Is this balance of seven hundred and ninety-three dollars because of equipment? Because my monthly bill wasn't that high" and agent responded that the amount did include equipment).[5]

---

[5] Plaintiff's statements in this case, and the statements at issue in *Johnson* are readily distinguishable from the statements made by the plaintiff in *Dixon* where the Tenth Circuit, in an unpublished opinion, concluded a sufficient factual dispute existed as to whether the plaintiff had disputed his account. *See Dixon*, 640 F. App'x at 795 (finding "a reasonable fact finder could treat [the plaintiff's] statements as a dispute of the debt" where the plaintiff said: "I don't agree that I owe that much, that's too much."; "I don't owe that much."; and "I feel that all I owe is "$20.").

7

Plaintiff has not shown that any violation of the FDCPA occurred as Defendant did not fail to report a dispute. Plaintiff necessarily, therefore, cannot show any injury in fact and her FDCPA claim must be dismissed for lack of Article III standing. Although Defendant further contends Plaintiff fails to show any concrete harm independent of the alleged statutory violation, the Court deems it unnecessary to address the issue.[6] Similarly, the Court deems it unnecessary to address Defendant's argument that no causal connection exists between any of its conduct and the injury about which Plaintiff complains.[7] And finally, the Court deems it unnecessary to address Defendant's bona fide error defense.

The Court does, however, take a moment to address concerning aspects of Plaintiff's lawsuit and the very speculative nature of Plaintiff's injury. Plaintiff alleges "severe" emotional distress. Compl., ¶ 11. Yet, she filed this lawsuit within four months of making

---

[6] Nonetheless, Plaintiff's independent harm is based on allegations of "severe humiliation, and emotional distress and mental anguish." Compl., ¶ 11; *see also* Pl.'s Decl. [Doc. No. 25-1], ¶ 8. But courts addressing FDCPA claims have consistently held that "anxiety, embarrassment, and stress are not concrete injuries in fact." *See, e.g., Freeman v. Ocwen Loan Servicing, LLC*, -- F.4th --, No. 23-2512, 2024 WL 3381718 at *5 (7th Cir. July 12, 2024); *see also Sims v. Kahrs Law Offices*, P.A., No. 22-2112-JWB, 2023 WL 2734317 at *8-9 (D. Kan. Mar. 31, 2023) (finding that in the context of the FDCPA "generalized claims of aggravation, inconvenience, embarrassment, and frustration are insufficient to confer standing" (collecting cases)). As discussed in *Sims*, the Tenth Circuit in *Shields v. Pro. Bureau of Collections of Md., Inc*., 55 F.4th 823, 830 (10th Cir. 2022) held that allegations of "confusion and misunderstanding are insufficient to confer standing" for purposes of a claim under the FDCPA. In so, holding the Tenth Circuit relied on the Seventh Circuit's decision in *Pierre v. Midland Credit Mgmt., Inc*., 29 F.4th 934 (7th Cir. 2022) which held that, in the context of the FDCPA, psychological states, such as emotional distress, worry, and confusion, are not concrete injuries. *See Pierre*, 29 F. 4th at 939 (citation omitted).

[7] Notably, however, as Defendant argues, "Plaintiff has not presented evidence that during the time period the tradeline was reported as undisputed, her credit report was provided to any potential creditor, that anyone in her community learned of the information, or that she was denied credit or paid a higher price for credit." Def.'s Mot. at 20 (citing Statement of Undisputed Material Fact, ¶ 11); *see also* Pl.'s Resp. at 3, ¶ 11 ("Admitted").

8

her initial call to Defendant and on the *same day* that she "rechecked" her credit report. Until she rechecked that report, she could not have known that Defendant had not reported the Capital One Account as disputed.  It is hard to fathom she suffered severe emotional distress in that extremely narrow window of time.  Moreover, Plaintiff admits that she has not suffered any monetary harms or sought medical treatment for emotional distress. Additionally, she admits Defendant's actions have not resulted in a lowering of her credit score or a denial of credit.  *See* Def.'s Statement of Undisputed Material Facts, ¶¶ 8, 10, 11; Pl.'s Resp., 8, 10, 11 ("Admitted").

To this end, Plaintiff's counsel has filed a virtually identical action against Defendant currently pending before this Court.  *See Brewer v. Portfolio Recovery Associates, LLC*, Case No. CIV-23-636-SLP (W.D. Okla) Compl. [Doc. No. 1].  In *Brewer*, as in this case, the plaintiff filed his action the same day that he rechecked his credit report and similarly alleged "severe" emotional distress.  The plaintiff made a similar inquiry about his debt as that made by Plaintiff, here, and then claimed he disputed the debt.  The Court has found in that case, as here, that the undisputed factual record fails to demonstrate such a dispute.

Defendant argues the cases appear to involve attempts at "set-ups" by the plaintiffs to induce a violation of the FDCPA.  *See* Def.'s Mot. at 24-25, n. 7.  Defendant does not specifically seek any relief on that basis and the Court, therefore, deems it unnecessary to address the matter further.[8]  Plaintiff's counsel is, however, cautioned that the similarity of

---

[8] Only in its Reply, for the first time, did Defendant "ask[] that the Court allow it the opportunity to file a request for sanctions."  Def.'s Reply at 5.  The issue, therefore, has not been properly

9

the factual allegations and relief sought, and the similar manner in which an inquiry was made to the debt collector's agent does give the Court overarching concern as to the legitimacy of the claims made in the two actions.

### IV.     Plaintiff's Motion for Leave to File a Sur-Reply

Plaintiff's Motion for Leave to File a Sur-Reply fails to identify the basis upon which such relief is sought.  Plaintiff conclusorily asserts that leave to file a sur-reply is warranted when a party has "raised new argument or information in a reply brief", *see* Mot. at 1, but then wholly fails to identify the new argument or information purportedly included in Defendant's Reply.  On that basis alone, denial of Plaintiff's Motion is proper.

Moreover, a review of the Sur-Reply demonstrates Plaintiff could have addressed these issues in her Response and otherwise, the arguments do not impact the Court's finding that Plaintiff has not established a dispute.  Plaintiff identifies alleged "consent orders" against Defendant.  *See* Sur-Reply [Doc. No. 34-1] at 2-3.  But Plaintiff includes no evidentiary support.[9]  And Plaintiff challenges Defendant's bona fide error defense – a defense the Court has found is unnecessary to address.  Accordingly, Plaintiff's Motion is DENIED.

---

raised. *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009)) ("[A] party waives issues and arguments raised for the first time in a reply brief.").

[9] Plaintiff's citation to an exhibit included in the record of an action filed in the United Staes District Court for the Eastern District of Virginia is wholly insufficient.

## V. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment for Lack of Standing, and Supporting Memorandum [Doc. No. 23] is GRANTED and this action is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Sur-Reply [Doc. No. 34] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Extend Certain Deadlines [Doc. No. 39] is DENIED as MOOT.

A separate judgment will be entered.

IT IS SO ORDERED this 29th day of July, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE