IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENIKKA LEMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:23-cv-00600-SLP |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SANCTIONS AND SUPPORTING MEMORANDUM

Defendant Portfolio Recovery Associates, LLC ("PRA), moves, pursuant to Fed.R.Civ.P. 11(c), for sanctions against Plaintiff's counsel on the grounds that Plaintiff's counsel violated Fed. R. Civ. P. 11(b)(3) by pursuing a claim that has no evidentiary support. Alternatively, PRA moves for sanctions pursuant to 28 U.S.C. § 1927 because Plaintiff has unreasonably and vexatiously multiplied the proceedings. In support of this Motion, Defendant submits the following Memorandum.

This Motion for Sanctions arises out of Plaintiff's failure to voluntarily dismiss this case and Plaintiff's May 15, 2024, Response in Objection to Defendant's Motion to Dismiss Or, Alternatively, For Summary Judgment ("Response," Doc. 26). Plaintiff's singular claim in this case is that PRA violated the Fair Debt Collection Practices Act ("FDCPA") by failing to notate on Plaintiff's credit report that Plaintiff's Capital One credit card account ("Account") was "disputed" as a result of a telephone call Plaintiff had

1

with PRA on March 2, 2023.  Plaintiff alleges that on that call, she "made a dispute." (*E.g.*, Doc. 26 at 1.)  Plaintiff did <u>not</u> make a dispute on the March 2, 2023, telephone call.

## I. CERTIFICATE OF CONFERRAL

Pursuant to Fed.R.Civ.P. 11 counsel for PRA certifies that a copy of this Motion for Sanctions and Supporting Memorandum was served on the attorney for Plaintiff more than 21 days prior to filing it with this Court.

## II. INTRODUCTION

Mr. Nkem Amadi House, Sr. filed this action on behalf of Plaintiff Kenikka Lemons on July 11, 2023 (Doc. 1.)  The Complaint alleges that on March 2, 2023, "Plaintiff made a dispute via telephone, however on July 11, 2023 Plaintiff re-checked her credit reports" and the debt was not being reported as disputed.  (Doc. 1 ¶ 10.)

On October 25, 2023, counsel for PRA, Joshua Dickinson, advised Mr. House that "[w]e have listened to the March 2, 2023, call recording wherein you allege that your client disputed the account.  In fact, she did not." (Declaration of Joshua C. Dickinson ("Dickinson Decl."), attached hereto as "**Exhibit 1**," at ¶ 3 and at "**Exhibit 1-A**" thereto.")  Plaintiff persisted with this case.

Thereafter, Plaintiff served written discovery on PRA and PRA served responses on February 20, 2024, and provided materials to Plaintiff on February 21, 2024, including a copy of the March 2, 2023, telephone call recording at issue.  (Declaration of Courtney D. Powell ("Powell Decl."), attached hereto as "**Exhibit 2**," at ¶ 2 and at "**Exhibit 2-A**" thereto.")

Thereafter, on March 7, 2024, counsel for PRA advised counsel for Plaintiff that Plaintiff's claim has no evidentiary support because the call recording produced clearly dispels Plaintiff's claim and asked that Plaintiff's counsel voluntarily dismiss the case. (Ex. 2-A at p. 3.)  Plaintiff did not dismiss the case and PRA moved to dismiss/for summary judgment on May 1, 2024 (Doc. 23).

In her Response, Plaintiff continues to assert that Plaintiff made a dispute by telephone on March 2, 2023 (Doc. 26 at 1), stating that "I disputed the debt cy *[sic]* asking 'how did it get to $472 when the limit was only $300?'" (Doc. 26-1 ¶ 4).  The call recording, which has been provided to the Court (Doc. 25), demonstrates that Plaintiff's counsel's assertion that Plaintiff made a dispute on the March 2, 2023, call is simply untenable and the case law that Plaintiff relies upon to support her position is ineffectual.

Thus, the Response lacks evidentiary support and is being presented for an improper purpose.  Fed. R. Civ. P. 11(b).  Pursuant to Rule 11(b)(4), PRA asks that the Court admonish Plaintiff's counsel to deter such future conduct, order Plaintiff, her counsel, and her counsel's law firm, jointly and severally, to reimburse PRA for the attorneys' fees incurred in replying to Plaintiff's Response and for further defending this case.

Also, by refusing to voluntarily dismiss this case after counsel for PRA advised that the call recording refuted Plaintiff's claim and provided the March 2, 2023, telephone call recording to Plaintiff's counsel on February 21, 2024, Plaintiff's counsel has also "unreasonably and vexatiously" multiplied the proceedings in this case.  28 U.S.C. § 1927.  Thus, pursuant to Section 1927, PRA asks that the Court order Plaintiff's attorney to

OM 1172532.1

reimburse PRA for the attorneys' fees that it incurred after February 21, 2024, in defending this case.

### III. STANDARD

"Under Rule 11, the signer of a complaint or other pleading certifies that he has conducted a 'reasonable inquiry' into the factual and legal basis for the filing, and that the substance of the pleading is well grounded in fact and law." *Arbuckle Wilderness, Inc. v. KFOR-TV, Inc.*, 149 F.R.D. 209, 212 (W.D. Okla. 1993), *aff'd*, 76 F.3d 392 (10th Cir. 1996). "The Court applies an objective standard in making Rule 11 determinations and considers whether a reasonable and competent attorney would believe in the merits of an argument." *Id.* Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management. *White v. General Motors Corporation*, 908 F.2d 675, 683 (10th Cir. 1990) (citation omitted).

Section 1927 permits the court to sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Section 1927 operates against attorneys only and "[c]ourts have interpreted this statute to warrant sanctions when attorney conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) (internal quotations omitted). "As the Tenth Circuit recently noted, 'the text of § 1927, unlike that of Rule 11, indicates a purpose to compensate victims

4

of abusive litigation practices, not to deter and punish offenders.'" *Roth v. Green*, No. 02-01116, 2008 WL 3845422, at *2 (D. Colo. Aug. 14, 2008).

## IV.     ARGUMENT

Plaintiff's Response, asserting that Plaintiff disputed the Account on the March 2, 2023, telephone call—which is the sole basis of Plaintiff's claim against PRA—lacks any evidentiary support, is brought for an improper purpose, and has unreasonably and vexatiously multiplied the proceedings in this case.

### A.     Plaintiff's Response Is Being Presented For An Improper Purpose and Plaintiff's Factual Contention Lacks Evidentiary Support

Rule 11(b) provides that by presenting a written motion or other paper to the Court, an attorney or other unrepresented party certifies that to the best of the person's knowledge, information, and belief, "it is not being presented for any improper purpose," and "the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(1), (3).

Here, the call recording demonstrates that Plaintiff simply did not dispute the Account.  <u>Instead, Plaintiff asked a question.</u>  Plaintiff made no statements about the accuracy of the balance.  Plaintiff made no complaints.  A plain construction of the telephone call recording evinces that there was simply no dispute of the Account.

Plaintiff's representations to the Court to the contrary, lack any evidentiary support and can only be presented for an improper purpose.  Mr. House's conduct has caused PRA to unnecessarily incur legal fees for replying to Plaintiff's Response and further defending this case and causing the Court to expend its resources in considering PRA's dispositive motion and the instant Motion.

5

OM 1172532.1

In determining whether to impose a sanction under Rule 11 or what sanctions are appropriate, courts may consider "[w]hether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only on particular count or defense; whether the person has engaged in similar conduct in other litigation; . . . whether the responsible person is training in the law," *inter alia*. Fed. R. Civ. P. 11, cmt. subdiv. (b) and (c) (1993 amend.).

Here, Mr. House has represented that he is admitted to practice in this Court (Doc. 5), and his conduct in this case is not an isolated incident. Plaintiff's counsel has filed another case that is pending before this Court, <u>Brewer v. Portfolio Recovery Associates, LLC</u>, No. 5:23-cv-00636-SLP, where Plaintiff's counsel has made the same legal claim based upon suspiciously similar language used by the plaintiff therein, and where the call recording also disproves the factual contention.[1] The improper conduct infected Plaintiff's entire case, not merely one count or claim.

Thus, a sanction is necessary to deter Mr. House from repeating similar conduct and PRA asks that the fees to be awarded under Rule 11 consist of the amount that PRA incurred for submission of its Reply brief and any additional fees that will be incurred for

---

[1] In fact, Mr. House office shares with Mr. Vance Dotson a/k/a "the Credit Doctor," a non-lawyer who has been sanctioned by this Court in *Shameka Marion-Johns v. Agency of Credit Control, et al.*, CIV-17-438-F, USDC, WD Okla., Doc. no. 96, "for his abhorrent conduct, including repeated instances of use of unquestionably vile and abusive language in deposition proceedings in a case in which Mr. Dotson was involved in his capacity as a "credit doctor." *Douglas v. NCC Bus. Servs., Inc.*, 402 F. Supp. 3d 1257, 1260 (W.D. Okla. 2018). *Compare* Docket Sheet in this case, *with* Docket Sheet in *Dotson v. Enhanced Recovery Company, LLC*, No. 5:21-cv-01110-C, identifying Vance Dotson's address as 425 W. Wilshire Blvd, Suite E, Oklahoma City, OK 73116, which is the same as Mr. House's address listed with the Court.

further defense of this case, including for the instant Motion, after Plaintiff filed his Response brief on May 15, 2024.  PRA also asks that Mr. House be admonished.

### B. Plaintiff's Failure to Voluntarily Dismiss This Case Has Unreasonably and Vexatiously Multiplied the Proceedings

Not only is Plaintiff's Response submitted for an improper purpose, but Plaintiff has unreasonably and vexatiously multiplied the proceedings in this case by failing to voluntarily dismiss this case after PRA's counsel sent him an email correspondence on October 25, 2023, and yet again after receipt of the March 2, 2023, call recording.  As set forth in PRA's Reply in Support of its Motion to Dismiss/for Summary Judgment, Plaintiff's basis for continuing to press her claim is a ruse.  (Doc. 29 at 2-4)  Plaintiff asserts that her question, "how did it get to $472 when the limit was only $300?" was a dispute of the Account.  (Doc. 26 at 1; Doc. 26-1 ¶ 4.)  Plaintiff's question simply is not a communication that could possibly constitute a dispute about the amount or existence of the Account.

Plaintiff's refusal to voluntarily dismiss this case has caused PRA to incur attorneys' fees through filing its dispositive motion and by filing the instant Motion for Sanctions.  Thus, pursuant to 28 U.S.C. § 1927, PRA should be allowed to recover from Mr. House such fees and any additional fees incurred in defending this case.

## V. CONCLUSION

Plaintiff's Response does not comply with Fed. R. Civ. P. 11(b)(1) and (b)(3), and Mr. House's failure to voluntarily dismiss this case has unreasonably and vexatiously multiplied these proceedings.  Plaintiff has no good faith basis in law or fact to claim that

PRA violated the FDCPA. Thus, PRA respectfully asks that the Court order Plaintiff's counsel to reimburse PRA for its attorneys' fees incurred subsequent to February 21, 2024, pursuant to 28 U.S.C. § 1927. Also, pursuant to Fed. R. Civ. P. 11(c), PRA asks that the Court order Plaintiff, Mr. House, and Mr. House's law firm, jointly and severally, to reimburse PRA for its attorneys' fees incurred for preparation of the instant Motion, its Reply Brief, and any other fees subsequently incurred in defense of this case. Also, pursuant to Rule 11, PRA asks that the Court admonish Mr. House.

## VI. FED. R. CIV. P. 11 CERTIFICATION

This motion was served on Plaintiff's counsel on July 5, 2024. Plaintiff did not respond to Defendant's notice or take any action to address the deficiencies complained of.

>
> Respectfully submitted,
>
> s/ Courtney D. Powell
> Courtney D. Powell, OBA No. 19444
> Spencer Fane LLP
> 9400 North Broadway Extension, Suite 600
> Oklahoma City, Oklahoma 73114
> Telephone: (405) 844-9900
> Facsimile: (405) 844-9958
> Email: cpowell@spencerfane.com
>
> **Attorneys for Defendant Portfolio Recovery Associates, LLC**

## CERTIFICATE OF SERVICE

      This is to certify that on this 31st of July, 2024, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Nkem A. House
House Law Group
425 W. Wilshire Blvd., Suite E
Oklahoma City, OK 73116
houselawfirm@gmail.com
**Attorney for Plaintiff Kenikka Lemons**

                                              s/ Courtney D. Powell