IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENIKKA LEMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-600-SLP |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion for Sanctions and Supporting Memorandum [Doc. No. 42]. Plaintiff has filed a Response [Doc. No. 49] and Defendant has filed a Reply [Doc. No. 51]. The matter, therefore, is at issue and ready for determination. For the reasons that follow, Defendant's Motion is DENIED.

**I.      Background / Relevant Procedural History**

Plaintiff brought this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), alleging a violation of 15 U.S.C. § 1692e(8) which prohibits a debt collector from "fail[ing] to communicate that a disputed debt is disputed." On May 1, 2024, Defendant filed a Motion to Dismiss or, Alternatively, for Summary Judgment [Doc. No. 23]. On May 15, 2024, Plaintiff filed her Response [Doc. No. 26] and on May 22, 2024, Defendant filed its Reply [Doc. No. 29].

Nearly two months after Plaintiff responded, on July 5, 2024, Defendant served Plaintiff's counsel with its Motion for Sanctions. On July 29, 2024, the Court entered its Order and Judgment [Doc. Nos. 40 and 41] granting Defendant's Motion to

Dismiss/Summary Judgment. Two days later, on July 31, 2024, Defendant filed its Motion for Sanctions.

Defendant moves for sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure. Defendant further moves for an award of attorneys' fees pursuant to 28 U.S.C. § 1927.[1]

## II. Discussion

### A. Rule 11 Sanctions

Rule 11 provides for the imposition of sanctions if specified procedures are followed and the opponent violates the standards of Rule 11(b). Plaintiff argues the Motion for Sanctions must be denied because Defendant has failed to comply with those specified procedures. Plaintiff contests that Defendant served the Motion as required by the safe harbor provision of Rule 11. Plaintiff further argues that Defendant's Motion for Sanctions is untimely.

Plaintiff states in her Response that Defendant has "falsely represented" that the Motion for Sanctions was served prior to it being filed. *See* Pl.'s Resp. at 4-5; *see also* House Decl. [Doc. No. 49-1], ¶ 5. In Reply, Defendant includes a certified mail receipt showing service of the Motion for Sanctions on July 5, 2024 at the address of record for Plaintiff's counsel. *See* Reply at 5; *see also* Powell Decl. [Doc. No. 51-1], ¶¶ 3-4 and

---

[1] In its Reply, Defendant makes the most cursory and passing reference to the Court's "inherent power" to grant sanctions. *See* Reply at 7 ("[T]he Court may grant sanctions under § 1927 or pursuant to its inherent power."). But in its Motion for Sanctions, Defendant did not rely on the Court's inherent power as a basis for awarding sanctions. The Court, therefore, limits its review to Rule 11 and § 1927. *See, e.g., M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n. 7 (10th Cir. 2009) ("[A] party waives issues and arguments raised for the first time in a reply brief.").

Certified Mail Receipt [Doc. No. 51-2].  Thus, it appears that Defendant has complied with Rule 11's safe harbor provision.  *See* Fed. R. Civ. P. 11(c)(2) (requiring service of motion for sanctions under Fed. R. Civ. P. 5); *see also* Fed. R. Civ. P. 5(b)(2)(C) (providing that "[a] paper is served" by "mailing it to the person's last known address – in which event service is complete upon mailing").

However, the Court need not resolve this issue.  Even resolving the service dispute in Defendant's favor, Rule 11 required Defendant to file its Motion *before* the close of the case.  As set forth above, Defendant filed its Motion two days after the entry of judgment.  Under controlling Tenth Circuit precedent, as to any relief under Rule 11, the Motion is untimely and must be denied.  *See Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006).

In *Roth*, the district court imposed Rule 11 sanctions against the plaintiffs' attorney.  But the motions filed by the defendants and requesting sanctions were neither served nor filed by the defendants prior to the conclusion of the case.  The Tenth Circuit separately addressed each of Rule 11's procedural requirements challenged by Plaintiff here and found imposition of Rule 11 sanctions improper.

First, the Tenth Circuit concluded that a letter sent to the allegedly offending party is insufficient to satisfy Rule 11's safe harbor provision.  Instead, the motion itself must be served on that party.  *Id*. at 1192-93.  Second – and dispositive of Defendant's Motion for Sanctions here – the Tenth Circuit held that the district court should have denied the motions for sanctions "because they were not *filed* until after the district court had dismissed the complaint."  *Id*. at 1193 (emphasis added).  The Tenth Circuit relied upon decisions of multiple other federal circuit courts reaching the same conclusion.  *Id.* (citing

3

decisions from the Fourth, Fifth and Ninth Circuits).² Moreover, the Tenth Circuit, citing *Roth*, has subsequently reiterated (in an unpublished decision) that "[i]n our circuit, a sanctions motion must be filed before the entry of judgment." *Rusk v. Fidelity Brokerage Servs.*, 850 F. App'x 657, 659 (10th Cir. 2021).³

Although Plaintiff cited *Roth* in its Response with respect to the service issue and then cited the federal circuit court decisions relied upon by the Tenth Circuit in *Roth* with respect to the timeliness issue, *see* Resp. at 5-6, Defendant, without discussion or direct reference to *Roth*, deems the cases cited by Plaintiff "inapposite." *See* Reply at 5.⁴

---

² District courts within the Tenth Circuit have subsequently relied upon *Roth* to deny Rule 11 motions for sanctions filed after a case has been closed. *See, e.g.*, *Jackson v. Diversified Collection Servs., Inc.*, No. 09-cv-00680-WDM-BNB, 2011 WL 1235553 at * 4 (D. Colo. Mar. 31, 2011) ("[T]he Rule 11 motion must be filed before the close of the case." (citing *Roth*, 466 F.3d at 1193)); *Gardner v. United States*, No. CIV-08-0589-MV/LAM, 2010 WL 966419 at *2 (D.N.M. Feb. 18, 2010) ("The [Rule 11] sanctions motion must be filed and the safe harbor provisions applied while the suit is active." (citing *Roth*, 466 F.3d at 1193)).

³ The Tenth Circuit has made clear that (1) service of the Rule 11 motion in compliance with the 21-day safe harbor provision and (2) the filing of the motion prior to dismissal or entry of judgment are two "independent" requirements. *See Rusk*, 850 F. App'x at 658 (noting that the district court gave "independent reasons" for denying the plaintiff's Rule 11 motion and addressing the failure to serve and the failure to file prior to dismissal as two separate rationales for affirming the district court); *Mellott v. MSN Communications, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012) (same). Furthermore, as discussed in *Thompson v. United Transp. Union*, 167 F. Supp.2d 1254, 1259 (D. Kan. 2001), a district court case decided prior to *Roth*, the court noted that the Tenth Circuit had strongly suggested that it would "hold that a Rule 11 motion filed after summary judgment (*regardless of whether service of the motion occurred prior to judgment and within the 21-day safe harbor period*) is untimely" (citing *Hutchinson v. Pfeil*, 208 F.3d 1180, 1183-84 (10th Cir. 2001)) (emphasis added).

⁴ Curiously, in support of its request for fees under 28 U.S.C. § 1927, discussed infra, Defendant cites the decision of the district court on remand from the Tenth Circuit in *Roth*. *See* Def.'s Mot. at 4-5 (citing *Roth v. Green*, No. 02-01116-LTB-CBS, 2008 WL 3845422 at *2 (D. Colo. Aug. 14, 2008)). But Defendant wholly fails to address the Tenth Circuit's *Roth* decision with respect to Rule 11 or otherwise.

Defendant then relies on non-precedential authority outside the Tenth Circuit and argues that where, as here, a motion for sanctions is served before final judgment, but filed after judgment is rendered, "Rule 11's safe harbor provision is satisfied." *Id*. at 6. Defendant's argument runs afoul of binding Tenth Circuit precedent and the decisions of the multiple other federal circuit courts cited in *Roth*, none of which have been addressed by Defendant.[5] Because Defendant did not file the Rule 11 Motion until *after* the Court entered final judgment, Defendant's request for sanctions pursuant to Rule 11 must be denied as untimely.

### B.     Attorneys' Fees Under § 1927

Defendant also moves for attorneys' fees pursuant to 28 U.S.C. § 1927 which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[6] The Tenth Circuit has cautioned that § 1927 "represents an extreme standard, and fees should be awarded only in instances evidencing a serious and standard disregard for the orderly

---

[5] Because Defendant makes this argument in the context of a request for the imposition of Rule 11 sanctions, the Court is compelled to point out that when filing the Motion for Sanctions, Defendant's attorney certified to the Court that the legal contentions contained therein were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). For this reason, the Court is somewhat perplexed at the failure by Defendant's counsel to address the express and dispositive holding in *Roth* that the district court had abused its discretion and should have denied the motions for sanctions "because they were not *filed* until after the district court had dismissed the complaint." *Id.*, 466 F.3d at 1193 (emphasis added).

[6] Unlike Rule 11, sanctions under § 1927 may be granted after the close of a case. *See Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006) ("[Section] 1927 sanctions are not untimely if sought or imposed after final judgment.").

process of justice, lest the court dampen the legitimate zeal of an attorney in representing his client." *Obeslo v. Empower Capital Mgmt.*, LLC, 85 F.4th 991, 1005 (10th Cir. 2023) (cleaned up).

Defendant argues that Plaintiff has unreasonably and vexatiously multiplied the proceedings by failing to voluntarily dismiss this case after being apprised of the March 2, 2023 call recording that serves as the basis of Plaintiff's claim. As set forth in the Court's Order [Doc. No. 40], the call recording did not create any question of fact as to whether a violation of the FDCPA occurred. To the contrary, even construing the evidence pertaining to the call recording in the light most favorable to Plaintiff, as a matter of law Plaintiff failed to establish such a violation. The Court also noted concerns it had about "aspects of Plaintiff's lawsuit and the very speculative nature of Plaintiff's injury" as well as the fact that Plaintiff's counsel had filed "a virtually identical action against Defendant" and that the Court had an "overarching concern as to the legitimacy of the claims made in the two actions." *Id*. at 9-10.[7]

"[A]ttorneys may be subject to § 1927 sanctions for "acting recklessly or with indifference to the law, as well as acting in the teeth of what they know to be the law." *Obeslo*, 85 F.4th at 991. And the Tenth Circuit has upheld "sanctions against attorneys for recklessly pursuing patently meritless claims with indifference to well established law." *Id*. (cleaned up).

---

[7] The related action is *Brewer v. Portfolio Recovery Associates, LLC*, Case No. CIV-23-636-SLP (W.D. Okla.) (the *Brewer* Action). Defendant has similarly moved for sanctions in the related action and the parties briefing submissions in the two actions are virtually identical.

Defendant does not cite any well-established Tenth Circuit precedent that barred Plaintiff's claim under the facts as presented.  Indeed, Defendant fails to support its request for § 1927 sanctions with any meaningful analysis of the facts or the law applicable to Plaintiff's FDCPA claim.  To the extent Plaintiff relied on nonbinding authorities to support her claim, "in the absence of controlling authority," there is "nothing wrong" with a party's reliance on nonbinding authority as "decisions from other courts that have considered the issue can be helpful in formulating the law in th[e] Tenth Circuit." *Id*.  Thus, "citing it cannot form the basis for finding a claim was frivolous." *Id*.  Moreover, "arguing for a rule contrary to that adopted in a non-precedential case does not evidence reckless disregard of well-established law." *Id*.

Based on the limited argument presented by Defendant and under the circumstances presented, the Court finds an imposition of sanctions under § 1927 is not proper.  As one court has observed, the line between zealous representation of a client and unreasonable conduct "can be hazy, and it is understandable for counsel to err on the side of asserting a dubious claim when filing a case." *BDI, LLC v. Summit Drilling Co., Inc*., No. 16-CV-0226-CVE-FHM, 2017 WL 2656027 at * 5 (N.D. Okla. June 20, 2017).  The Court's finding, however, is certainly not intended to be construed as any retreat from the concerns it has previously expressed as to the nature of the allegations brought, the factual support for those allegations, and the claims made in both this action and the *Brewer* Action.  And

7

the Court deems Plaintiff's counsel on notice of these concerns as they may relate to any future litigation brought before the Court involving similar allegations, facts and claims.[8]

## III. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Sanctions and Supporting Memorandum [Doc. No. 42] is DENIED.

---

[8] Plaintiff's counsel has engaged in other conduct during the course of both this action and the *Brewer* Action that has caused the Court to have additional concerns, including misrepresentations made about the record. That conduct is documented in various orders of the Court and otherwise demonstrated by the docket. Again, Plaintiff's counsel is on notice of the Court's concerns about such conduct. Defendant did not address this conduct in the Motion for Sanctions. To the extent Defendant relies on this additional conduct in its Reply as grounds for sanctions under § 1927, it is not properly before the Court. *See* supra, n. 1. But even if it were, the Court would reach the same conclusion and deny the request for an award of attorneys' fees under § 1927.

IT IS SO ORDERED this 13th day of January, 2025.

                                                SCOTT L. PALK
                                                UNITED STATES DISTRICT JUDGE